UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FEDERAL BUREAU OF INVESTIGATION
AGENTS ASSOCIATION;
JOHN DOE 1;
JOHN DOE 2;
JOHN DOE 3;
JOHN DOE 4; and
JANE DOE 1;
JANE DOE 2; and
JANE DOE 3.

          Plaintiffs,

v.

U.S. DEPARTMENT OF JUSTICE and
THE UNITED STATES OF AMERICA,

          Defendant.

Civil Case No. 25-_____

**PLAINTIFFS' MEMORANDUM OF LAW TO PROCEED
UNDER PSEUDONYM AND MEMORANDUM IN SUPPORT**

    Plaintiffs, through counsel, the Law Office of Mark S. Zaid, P.C., and State Democracy Defenders Fund, and pursuant to Local Civil Rule 7(a), submit this memorandum of points and authorities in support of their Motion to Proceed Under Pseudonym "John Doe 1," "John Doe 2," "John Doe 3," "John Doe 4," "Jane Doe 1," "Jane Doe 2,"and "Jane Doe 3" in all filings in this case.

## BACKGROUND

    This case involves unique and sensitive circumstances requiring the Plaintiffs to proceed under pseudonyms. Plaintiffs John Does 1-4 and Jane Does 1-3 (the "Doe Plaintiffs") are current employees of the Federal Bureau of Investigation ("FBI") serving in a variety of positions. In their capacities at the FBI, they have diligently performed their duties to investigate violations of federal law and assist with prosecutions of defendants charged with violating federal law. The Doe

Plaintiffs, along with the Federal Bureau of Investigation Agents Association ("FBIAA"), bring this underlying lawsuit to protect against Defendants' anticipated decision to illegally expose the Doe Plaintiffs' and other FBI employees' personal information for opprobrium and potential vigilante action, as retaliation for the employees' discharge of their duties by the person they were investigating. Plaintiffs seek relief for violations of the Privacy Act, 5 U.S.C. §§ 552a(b) and (e)(6), and the Administrative Procedure Act, 5 U.S.C. § 706(2), and for Mandamus under 28 U.S.C. § 1361.

Pursuant to the FBI's mission, the Doe Plaintiffs, along with numerous other current and former FBI employees, participated in the investigations and prosecutions of individuals who committed crimes as part of the January 6, 2021 violent insurrection at the United States Capitol. Compl. ¶ 15. That violent rampage, which was intended to prevent Congress's certification of electoral votes designating Joseph R. Biden as the 46th President of the United States, caused the death of multiple people, injured more than 140 individuals, and inflicted millions of dollars of damage to the Capitol. *Id.* at ¶¶ 15, 21.

The Doe Plaintiffs serve in a variety of positions at the FBI. Their backgrounds and positions are listed in the sealed declaration submitted herewith. As part of their law enforcement duties and responsibilities, FBI employees, including the Doe Plaintiffs, gathered and obtained evidence, prepared and swore affidavits, executed search warrants, testified before federal grand juries, arrested perpetrators, and assisted with the prosecution of nearly 1,600 individuals charged with crimes in connection with January 6. *Id.* at ¶¶ 23-26.

President Donald J. Trump has repeatedly and consistently supported those who committed crimes on January 6 while condemning the investigations and prosecutions of January 6 defendants. He has falsely claimed the 2020 election was rigged, encouraged protestors to prevent

the Congressional certification of the election, and referred to the January 6 defendant as "hostages." *Id.* at ¶¶ 16-18, 27, 29. President Trump has referred to the FBI as "thugs," "tyrants," and "Gestapo" while decrying the FBI investigations and prosecutions as the "weaponization" of law enforcement. *Id.* at ¶¶ 28, 30. Ultimately, one of his first acts in office in 2025 was pardoning or commuting the sentence of every single January 6 defendant. *Id.* at ¶ 31.

For years, there have been violent threats made against FBI employees who worked on the January 6 investigations and prosecutions. *Id.* at ¶ 38. Since receiving their presidential pardons or commutations, the leaders of the January 6 insurrection, January 6 defendants, and their supporters have identified by name FBI agents who they believe worked on the investigations and prosecutions and called for retribution and revenge against them. *Id.* at ¶¶ 33-37, 39.

In recent weeks, the Trump Administration has summarily fired or forced into retirement FBI employees and prosecutors who were involved in the January 6 cases. *Id.* at ¶¶ 41-42. According to credible press reports, the acting leadership of the Department of Justice is preparing for the mass, unlawful termination of FBI employees who had any involvement in certain investigations related to President Trump, including the January 6 cases. *Id.* at ¶¶ 43-47. The acting leadership of the Department of Justice also appears ready to publicly disseminate the names of FBI employees who were involved in any of those investigations, thereby putting those employees and their families at risk of harm. *Id.* at ¶¶ 48-49.

Among other appropriate relief, this action seeks to enjoin the Defendants from collecting or disseminating the personally identifiable information of the Doe Plaintiffs and other similarly situated current and former FBI employees. *Id.* at ¶ 80. The Doe Plaintiffs seek to proceed anonymously because publicly disclosing their identities would jeopardize their safety and that of their families, and it would defeat the injunctive relief sought. The public's interest in knowing the

identity of the plaintiffs is *de minimis* compared to their privacy interests and the Department will not be prejudiced by Plaintiffs' use of pseudonyms.

## ARGUMENT

Federal Civil Rule 10(a) and Local Civil Rule 5.1(c)(1) establish the general rule that a complaint must state the names of all parties.  "Disclosure of the parties' identities furthers the public interest in knowing the facts surrounding judicial proceedings." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

However, "there are situations in which 'a party's interest in privacy or confidentiality [] outweighs this strong presumption in favor of public access.'" *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 152 (D.D.C. 2011) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.,* 951 F.2d 1268, 1277 (D.C. Cir. 1991)).  "[C]ourts in this district allow plaintiffs to proceed under a pseudonym in certain cases involving matters of sensitive and highly personal nature." *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014).  "[I]t is within the discretion of the district court to grant the 'rare dispensation' of anonymity[.]"  *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  "The court has a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted" and should "take into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal citations omitted).

This District has adopted a five-factor test to balance a party's interest in privacy or confidentiality and the presumption of public access.  *See Johnson*, 951 F.2d at 1277; *Nat'l Ass'n of Waterfront Emp'rs*, 587 F. Supp. 2d at 99.  These factors are:

1.  Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

2.  Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

3.  The ages of the persons whose privacy interests are sought to be protected;

4.  Whether the action is against a governmental or private party; and

5.  The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Nat'l Ass'n of Waterfront Emp'rs*, 587 F. Supp. 2d at 99. Collectively, these factors weigh in favor of anonymity.

### A. Permitting the Doe Plaintiffs to Proceed Under Pseudonyms Is Intended to Preserve Privacy

First, the sole reason for the Doe Plaintiffs to proceed anonymously is to preserve their privacy. The use of pseudonyms will ensure that the Plaintiffs' names, and potentially their addresses, names of family members, and other personal identifying information, remains private. Plaintiffs do not seek anonymity to avoid annoyance or criticism.

### B. Plaintiffs Are at Risk of Retaliation

Second, disclosure of the Plaintiffs' identities risks retaliatory physical harm. In *Doe v. United States Department of State*, the court granted anonymity to an Iraqi national who helped with the U.S.-led reconstruction efforts in Iraq. *Doe v. U.S. Dep't of State*, Civil Action No. 1:15-cv-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015). The court recognized that the plaintiff had a "legitimate fear of violence and death at the hands of those who have targeted Iraqis who have provided assistance to the U.S. [g]overnment." *Id*.

Similar concerns are present here. President Trump has demonized the public servants and law enforcement officers, including the Doe Plaintiffs, who worked on the January 6 investigations

and prosecutions and other investigations related to President Trump. His supporters, including certain January 6 defendants, have called for retribution and revenge against those public servants and officers. These statements and thinly-veiled threats present a clear and present danger of retaliation, including physical harm, against the Doe Plaintiffs and their families.

### C. Interests of Minors are Not Implicated

Third, this case does not implicate the privacy interests of any minors. Though this factor does not weigh in favor of plaintiffs, no factor is determinative and the court "should carefully review all the circumstances of [this] case." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

### D. Plaintiffs' Action is Against the Government

Fourth, courts assess whether defendants are a governmental entity or private party. This is "significant because governmental bodies do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." *Doe v. De Amigos, LLC*, Civ. Action No. 11-1755(ABJ), 2012 WL 13047579, at * 2 (D.D.C. Apr. 30, 2012). This factor weighs in favor of Plaintiffs because the Defendants are government actors.

### E. There is No Harm to Defendants if Plaintiffs are Allowed to Proceed Pseudonymously

Finally, the Defendants will suffer no prejudice if Plaintiffs are allowed to proceed under pseudonyms. The Defendants know the Plaintiffs are current employees who have worked on the January 6 prosecutions, and obviously their names have been submitted in a sealed filing as well. Moreover, while proceeding anonymously may sometimes present difficulties pursuing discovery from third parties or holding public hearings and trials, these concerns are unlikely to be present here in a lawsuit involving issues of significant national importance likely to generate considerable publicity.Requiring the Defendants to refer to the Doe Plaintiffs by pseudonyms in public filings and redact their names from any publicly filed exhibits will not "compromise

[D]efendants' ability to defend this action." *McCutchen v. Becerra*, *McCutchen v. Becerra*,: 1:21-cv-01112 (D.D.C. Apr. 23, 2021) *citing Nat'l Ass'n of Waterfront Emp'rs*, 587 F. Supp. 2d at 99.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court receive the attached Complaint and allow Plaintiffs to proceed under pseudonym to protect them from further injury.

Dated: February 4, 2025

Respectfully submitted,

Dated: February 4, 2025                                    Respectfully submitted,

*For John Does 1-4 and Jane Does 1-3,*

*/s/ Mark S. Zaid*
Mark S. Zaid, D.C. Bar #440532
Bradley P. Moss, D.C. Bar #975905
Attorney for Plaintiffs John Doe 1-4 and Jane Doe 1-3
LAW OFFICE OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, NW Suite 700
Washington, D.C. 20036
Tel: (202) 498-0011
Fax: (202) 330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com


*/s/ Norman L. Eisen*
Norman L. Eisen, D.C. Bar #435051
Tianna J. Mays, D.C. Bar #90005882
Attorney for Plaintiffs John Doe 1-4 and Jane Doe 1-3
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

*For the Federal Bureau of Investigation Agents Association,*

/s/ *Christopher Mattei*
Christopher Mattei (Pro Hac Vice Pending)
Attorney for Plaintiff Federal Bureau of Investigation Agents Association
Federal Bar No. 27500
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
cmattei@koskoff.com

/s/ *Margaret M. Donovan*
Margaret M. Donovan (Pro Hac Vice Pending)
Attorney for Plaintiff Federal Bureau of Investigation Agents Association
Federal Bar No. 31787
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com