**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION**, *et al.*, | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 25-328 (JEB)** |
| **U.S. DEPARTMENT OF JUSTICE**, *et al.*, | |
| **Defendants.** | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs — the Federal Bureau of Investigation Agents Association and various current employees of the FBI — have brought this suit to prevent the "anticipated . . . decision" by Defendant the Department of Justice "to expose their personal information for opprobrium and potential vigilante action" as "retaliation" for their involvement in the January 6 investigations. See ECF No. 1 (Compl.) at 1–2.  Citing fears for their safety, they seek a temporary restraining order enjoining the Government "from publicly disclosing the names of FBI personnel."  ECF No. 2-2 (Proposed Order); see also ECF No. 2-1 (TRO).  For similar reasons, they also seek to proceed by pseudonym during this litigation.  See ECF No. 3-1 (Mot.)  at 3–4.  The Court will grant the Motion, but deny Plaintiffs' request to withhold their identities from the Government, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.      **Legal Standard**

Generally, a complaint must identify the plaintiffs.  <u>See</u> Fed. R. Civ. P. 10(a); LCvR

5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial

proceedings."  <u>In re Sealed Case</u>, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting <u>Wash. Legal

Found. v. U.S. Sentencing Comm'n</u>, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need

for such secrecy[] and identifying the consequences that would likely befall it if forced to

proceed in its own name."  <u>In re Sealed Case</u>, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result,

the court must "'balance the litigant's legitimate interest in anonymity against countervailing

interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  <u>Id.</u> (quoting

<u>In re Sealed Case</u>, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is
> merely to avoid the annoyance and criticism that may attend any
> litigation or is to preserve privacy in a matter of [a] sensitive and
> highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or
> mental harm to the requesting party or[,] even more critically, to
> innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be
> protected;
> (4) whether the action is against a governmental or private party;
> and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an
> action against it to proceed anonymously.

<u>Id.</u> at 326–27 (quoting <u>In re Sealed Case</u>, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

 At this stage, Plaintiffs have succeeded in showing that their privacy and safety concerns outweigh the public's presumptive and substantial interest in learning their identities.

The first and second factors, taken together, support granting the Motion.  Plaintiffs do not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature" and "avoid retaliatory physical or mental harm."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  In particular, they argue that disclosure of their identities to the public risks physical harm to them and their families in light of President Trump's "demoniz[ation]" of the public servants and law-enforcement officers involved in the January 6 investigations and the calls of some of his supporters — including January 6 defendants — "for retribution and revenge."  Mot. at 5–6.  Their TRO Motion notes numerous instances in which FBI agents have been doxed in online posts or subjected to violent attacks because of their involvement in investigations concerning President Trump.  See TRO at 13–14.  Indeed, one January 6 defendant has already been convicted of "plotting to kill FBI special agents who investigated him over his crimes at the Capitol."  Ryan J. Reilly, Jan. 6 Rioter Is Convicted of Plotting to Murder FBI Agents who Investigated Him, NBC News (Nov. 20, 2024), https://www.nbcnews.com/politics/justice-department/jan-6-rioter-convicted-plotting-murder-fbi-agents-rcna181005.

Such concerns are as troubling as those that typically justify pseudonymity, see, e.g., J.K.A. v. United States, No. 23-2273, ECF No 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (second factor favors pseudonymity when plaintiffs experienced abuse by, and faced further "threats of retaliation" from, foreign government); Doe v. U.S. Dep't of State, 2015 WL

9647660, at *3 (D.D.C. Nov. 3, 2015) (permitting pseudonymity to protect plaintiff from retaliation by anti-U.S. insurgents), and they are sufficient here to tip the first two factors in Plaintiff's favor.  See also Doe v. Austin, 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024) (first two factors favor pseudonymity where plaintiff was "a covert U.S. intelligence officer" and publicity could "draw the attention of hostile . . . actors").

As Plaintiffs concede, however, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity because they are adults.  See Mot. at 6.

The fourth factor is neutral.  Typically, "anonymous litigation is more acceptable when" (as here) "the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'"  J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (same).  Analysis of this factor also involves evaluating whether Plaintiffs are requesting individual relief.  See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request").  In this case, Plaintiffs request an order enjoining Defendants from disseminating "personally identifiable information of Plaintiffs and other similarly situated

persons" who worked on January 6-related cases, which would provide more than individualized relief. See Compl. at 22. This factor thus weighs neither in favor of nor against pseudonymity.

Fifth and finally, the Government would suffer no "risk of unfairness" if the Motion were granted. In re Sealed Case, 971 F.3d at 327 (quoting In re Sealed Case, 931 F.3d at 97). Plaintiffs have filed a declaration under seal that provides their identifying information. See ECF No. 4 (Decl.). In such circumstances, this factor does not require disclosure. See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, Mem. Op. at 5 (fifth factor supports motion where defendant already knows plaintiff's identity). It should be noted, however, that Plaintiffs have since filed a Motion seeking to seal that declaration from Defendants. See ECF No. 9 (Sealing Mot.). As the Court has not received substantive reasoning on why that relief is warranted, that Motion will be denied without prejudice.

In sum, the first, second, and fifth factors weigh in favor of granting the Motion to proceed pseudonymously. That lopsided balance resolves the matter in Plaintiffs' favor, at least on the current record.

The Court accordingly ORDERS that:

1. Plaintiffs' [3] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. Plaintiffs' [9] Motion to Seal Declaration from Defendants is DENIED WITHOUT PREJUDICE, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

3.  All parties shall use the pseudonyms listed in the Complaint in all documents filed in
    this action; and

4.  Plaintiffs' [4] declaration shall remain under seal from the public, but not the parties.

/s/ <em>James E. Boasberg</em><br>
JAMES E. BOASBERG<br>
Chief Judge

Date: <u>February 4, 2025</u>